1  MORGAN, LEWIS & BOCKIUS LLP
   RICHARD W. ESTERKIN, State Bar No. 70769
2  PRESCOTT LITTLEFIELD, State Bar No. 259049
3  300 South Grand Avenue, Twenty-Second Floor
   Los Angeles, CA  90071-3132
4  Tel:  213.612.2500
   Fax:  213.612.2501
5
6  Proposed Counsel for Debtor and Debtor in
   Possession, Luckey Industrial, LLC
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 In re

12 Luckey Industrial, LLC,

13                    Debtor.

| | |
|---|---|
| | Case No. 8:09-bk-24209-ES |
| | Chapter Number: 11 |
| | **NOTICE OF MOTION AND MOTION FOR JOINT ADMINISTRATION OF RELATED CHAPTER 11 BANKRUPTCY CASES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF FRAWN GRANADOS IN SUPPORT THEREOF** |

14

15

16

17

18 Date:         March 2, 2010
   Time:         10:30 a.m.
19 Ctrm:         5A

20

21 **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,**

22 **ALL KNOWN CREDITORS AND INTERESTED PARTIES, AND THE OFFICE OF THE**

23 **UNITED STATES TRUSTEE:**

24         **PLEASE TAKE NOTICE** that, on March 2, 2010, at 10:30 a.m., before the Honorable

25 Erithe A. Smith, United States Bankruptcy Judge, in Courtroom 5A of the above entitled court,

26 located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth

27 Street, Santa Ana, California, Luckey Industrial, LLC, the debtor and debtor in possession herein,

28 will, and hereby does, move, pursuant to Federal Rule of Bankruptcy Practice 1015(b) and Local

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21530464.1                                      1

1  Bankruptcy Rule 1015-1(b), for the entry of an order for the Joint Administration of the following

2  related Chapter 11 bankruptcy cases:

3      (1)    Boneyard, LLC, a Delaware limited liability company (Case No. 8:09-23930-ES);

4             and

5      (2)    Luckey Industrial, LLC, a Delaware limited liability company (Case No. 8:09-

6             24509-ES).

7          The foregoing motion is based on this notice of motion and motion, the attached

8  Memorandum of Points and Authorities the Declaration of Frawn Granados, all pleadings, papers

9  and records on file with the Court, and such other evidence, oral or documentary, and argument as

10 may be presented to the Court in connection with the Motion.

11         **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires

12 that any objection or response to the Motion be filed with the Court and served upon undersigned

13 counsel for Debtors at least fourteen (14) days prior to the hearing date.  Pursuant to Local Rule

14 9013-1(h), the failure to timely file and serve a written objection or response to this motion may

15 be deemed by the Court to constitute a consent to the granting of the relief requested in this

16 motion.

17

18 Dated: January 29, 2010                          MORGAN, LEWIS & BOCKIUS LLP
                                                    RICHARD W. ESTERKIN
19                                                  PRESCOTT LITTLEFIELD

20

21                                                  By ____/s/ Richard W. Esterkin_____
22                                                      Richard W. Esterkin
                                                        Proposed Counsel for Debtor and Debtor in
23                                                      Possession,  Luckey Industrial, LLC

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHROITIES

2       Debtor and debtor in possession Luckey Industrial, LLC ("**Luckey**") respectfully submits

3   the following Memorandum of Points and authorities in support of the instant motion:

4
## I.
## INTRODUCTION
5

6       On December 14, 2009, and December 21, 2009, Boneyard, LLC ("**Boneyard**") and

7   Luckey (together with Boneyard, the "**Debtors**"), respectively, filed voluntary petitions for relief

8   under chapter 11 of the Bankruptcy Code.  The Debtors are managing their affairs and property as

9   debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

10      The Debtors are both owned and controlled by their sole member, Le Plastrier

11  Management Co., Inc. ("**Le Plastrier Management**").  They are single asset real estate entities.

12  The real property owned by Boneyard (the "**Boneyard Property**") is subject to a trust deed in

13  favor of Pacific Western Bank (the "**Bank**") securing a loan in the approximate amount of $13.5

14  million (the "**Loan**").  The real property owned by Luckey (the "**Luckey Property**") is subject to

15  a trust deed securing a guaranty of the Loan.  Although neither the value of the Boneyard

16  Property nor the value of the Luckey Property exceed the amount owed to the Bank, in

17  combination, the properties are worth more than is owed to the Bank.

18      On January 14, 2010, this Court provisionally approved a sale of a portion of the

19  Boneyard Property to Lennar Homes of California, Inc.  If that transaction is consummated, the

20  amount outstanding on the Loan should be reduced to approximately $2 million, which would

21  result in the Luckey Property having substantial equity.  The Loan is presently in default, with a

22  foreclosure sale of Boneyard's real property scheduled for February 17, 2010, and a foreclosure

23  sale of Luckey's property on February 24, 2010.[1]  The purpose of Debtors' chapter 11 cases is to

24  preserve the equity that exists in the combined properties for the benefit of their respective

25  unsecured creditors and equity holders.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[1]   Foreclosure sales of  Boneyard's property and Luckey's property were scheduled for December 15, 2009 and
December 22, 2009 at the time that the Debtor filed this case.  The sales were postponed until February because
of Boneyard's and Luckey's cases.

DB2/21530464.1

3

## II.
## THE COURT HAS THE AUTHORITY TO ORDER THE JOINT
## ADMINISTRATION OF BANKRUPTCY CASES

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides the Court with the authority to order two or more bankruptcy cases jointly administrated.  FRBP 1015(b) provides, in relevant part:

> If a joint petition or two or more petitions are pending in the same
> court by or against. . . a debtor and an affiliate, the court may order
> a joint administration of the estates.  Prior to entering an order the
> court shall give consideration to protecting creditors of different
> estates against potential conflicts of interest.

These cases are appropriate cases for joint administration.  The Debtors are both solely owned and managed by Le Plastrier Management.  The Debtors anticipate that numerous similar, if not identical, applications, motions, notices, hearings, plans and disclosure statements, and orders would be involved in the Debtors' bankruptcy cases if the cases are not jointly administered.  Joint administration will avoid the wasting of resources that would result through duplication of effort if the cases involving the Debtors were to proceed separately and the same motions and applications were required to be filed in each case.  The Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be required to review and separately respond to substantially similar motions, disclosure statements, and other pleadings that would otherwise be filed in separate cases.  Joint administration will permit the Debtors to respond more efficiently to the demands of their creditors, and will reduce attorneys' fees, photocopying costs, postage expenses and other costs of administration.  Moreover, through joint administration of the Debtors' cases, the Court and the Bankruptcy Court Clerk's Office will be relieved of the burden of having to file and maintain dockets and case files for numerous duplicative pleadings in the Debtors' cases.  Although there will only be one case docket, the Debtors propose that each individual debtor maintain its own claims register to avoid the confusion that may result if the claims registers are consolidated and jointly administered.

/////

/////

**III.**

**<u>CONCLUSION</u>**

Based on the foregoing, the Debtors pray that the Court enter an Order authorizing procedural joint administration of the Debtors' bankruptcy cases, including: (1) the use of a single docket (*Boneyard, LLC*, U.S.B.C. Case No. 8:09-bk-23930-ES) for administrative matters, including the filing, docketing and lodging of all pleadings and orders in the Debtors' bankruptcy cases; (2) the combining of notices to creditors and parties in interest; (3) the scheduling of hearings; (4) financial reporting by the Debtors; and (5) the joint handling of other administrative matters.

Dated: January 29, 2010

MORGAN, LEWIS & BOCKIUS LLP
RICHARD W. ESTERKIN
PRESCOTT LITTLEFIELD


By _____/s/ Richard W. Esterkin_____
    Richard W. Esterkin
    Proposed Counsel for Debtor and Debtor in
    Possession, Luckey Industrial, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21530464.1

## DECLARATION OF FRAWN GRANADOS

I, Frawn Granados, declare:

1.    I am the Managing Director of Le Plastrier Management Company, Inc. ("**Le Plastrier Management**").  I have been with Le Plastrier Management since 1998, and have been the Managing Director since 2000.  Le Plastrier Management is the sole member of Luckey Industrial, LLC ("**Luckey**").  Le Plastrier Management is the sole member of Boneyard, LLC ("**Boneyard**").

2.    In or around June 2009, Boneyard and Luckey were each formed under the laws of the State of Delaware as limited liability companies.

3.    In or around June 2009, Boneyard purchased a parcel of improved land from The Alamitos Ridge, LLC known as Tract Map Number 52702, Long Beach, CA (the "**Boneyard Property**").  Boneyard purchased the Boneyard Property subject to a trust deed that secures a loan owing to Pacific Western Bank with an outstanding balance of approximately $13.5 million (the "**Loan**").  Luckey also owns certain real property which is subject to a trust deed in favor of Pacific Western Bank securing a guarantee of the Loan (the "**Luckey Property**").

4.    On December 14, 2009, Boneyard filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

5.    On December 21, 2009, Luckey filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

6.    Boneyard's primary asset is the Boneyard Property, which is worth approximately $11 million.

7.    Luckey's primary asset is the Luckey Property, which is worth approximately $7 million.

8.    On January 14, 2010, Boneyard's motion to sell its property free and clear of all interests was heard.  As a result of the bidding process that was initiated by the filing of the motion to sell free and clear, Boneyard is currently a party to a contract with Lennar Homes of California to sell a portion of its property for approximately $11.5 million.

9.    The Loan is presently in default, with foreclosure sales of the Boneyard Property scheduled for February 17, 2010 and the Luckey Property on February 24, 2010.  The purpose of Boneyard and Luckey's chapter 11 cases is to preserve the equity that exists in the properties for the benefit of their unsecured creditors and equity holders.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Irvine, California on January 29, 2010.

_____
Frawn Granados

| In re:<br>Luckey Industrial, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:09-bk-24209-ES |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 300 South Grand Avenue, 22nd Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document described NOTICE OF MOTION AND MOTION FOR JOINT ADMINISTRATION OF RELATED CHAPTER 11 BANKRUPTCY CASES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF FRAWN GRANADOS IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 29, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

        Richard W Esterkin    resterkin@morganlewis.com
        United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
        Frank Cadigan    frank.cadigan@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On January 29, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
VIA U.S. MAIL
Honorable Erithe A. Smith
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5041
Santa Ana, CA 982701-4593

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 29, 2010 | Victoria L. Rader | *Victoria L. Rader* |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009                                                                **F 9013-3.1**

| In re:<br>Luckey Industrial, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:09-bk-24209-ES |

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL

VIA U.S. MAIL:

Imperial Irrigation District
P.O. Box 937
Imperial, CA 92251-0937

Imperial County Tax Collector's Office
940 West Main Street, Suite 106
El Centro, CA 92243

LePlastrier Management Company
19800 MacArthur Boulevard, Suite 1150
Irvine, CA 92612

Pacific Western Bank
10250 Constellation Boulevard, Suite 1640
Los Angeles, CA 90067

Ted Broedlow
3787 East 11th Street
Long Beach, CA 90804

A&R Construction
Attention: Terry Robertson
1631 River Drive
Brawley, CA 92227

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
DB2/21527809.1

**F 9013-3.1**